UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS MEJIAS,

                Plaintiff,

-against-

JASON MCIVERY,
LILY TRANSPORTATION CORP., and
RYDER TRUCK RENTAL, LT, LLT,

                Defendants.

**ORDER**

22-CV-09830 (PMH)

PHILIP M. HALPERN, United States District Judge:

Defendants Lily Transportation Corp. and Ryder Truck Rental, LT, LLT ("Removing Defendants") filed a Notice of Removal in the United States District Court, Northern District of New York, on October 24, 2022, removing this action from the Supreme Court of the State of New York, County of Orange, to the Federal Court.[1] (Doc. 1, "Not."). Magistrate Judge Lovric, on November 9, 2022, *sua sponte* transferred the action to the Southern District of New York. (Doc. 3). The case was assigned to this Court on November 21, 2022.

For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Orange.

**DISCUSSION**

The Removing Defendants annex to the Notice of Removal a copy of Plaintiff's Summons and Verified Complaint (Doc. 1-1, "Compl."), claiming that this Court has subject matter

---

[1] Defendant Jason McIvery did not join in the Notice of Removal, but counsel for the Removing Defendants allege that "[u]pon information and belief," McIvery has not yet been served, but has "consent[ed] to removal through undersigned counsel." (Not. ¶ 8).

jurisdiction over this dispute because complete diversity exists between the parties and the "jurisdictional threshold of $75,000 has been alleged by competent evidence" (Not. ¶ 14).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[2]

A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint in this matter

---

[2] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

does not state a specific sum of money sought from Defendants and asserts only that damages "exceed[ ] the jurisdictional limits of all lower Courts which would otherwise have jurisdiction." (Compl. ¶ 115). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

The Removing Defendants assert that the allegations in Plaintiff's Complaint and medical records received pre-suit from Plaintiff's counsel demonstrate the amount in controversy exceeds $75,000. (Not. ¶¶ 9-10). Specifically, the Removing Defendants point to Plaintiff's allegations that he sustained severe, serious and permanent personal injuries to the cervical spine and right shoulder, which required months of physical therapy and arthroscopic surgery, and that he "sustained serious injury as defined in Subdivision (d) of §5102 of the Insurance Law . . ." to suggest the jurisdictional threshold has been met. (*Id.*). The Removing Defendants also allege that, coupled with the foregoing, a pre-suit settlement demand of $260,000 makes it "clear that the amount in controversy exceeds the federal diversity jurisdictional threshold of $75,000." (Not. ¶¶ 11-12).

The Removing Defendants have not furnished any written indication of the amount in controversy. (*See generally*, Not.). This Court, although not required to do so, has also undertaken to review the electronic docket in the state court proceeding. That docket is similarly devoid of any written indication of the amount in controversy. (See Index No. EF005667-2022, NYSCEF Doc. Nos. 1-8).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932

F.2d 1043, 1046 (2d Cir. 1991)), the Removing Defendants' allegations in the absence of any supporting information that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "Defendant's Notice of Removal conclusively states that the amount in controversy is '[m]ore than $75,000' without any further clarification"); *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *2 (S.D.N.Y. May 29, 2013) ("[A] 'mere averment'" is insufficient to satisfy defendants' burden to establish amount in controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936))).

Moreover, the "[d]istrict courts in this circuit . . . have held that an oral settlement demand is not a sufficient basis for removal." *Mitilinios v. Costco Wholesale Corp.*, No. 17-CV-05306, 2018 WL 941715, at *4 (E.D.N.Y. Jan. 31, 2018); *see also Johnson v. Home Depot U.S.A., Inc.*, No. 19-CV-03476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) ("Plaintiff does not suggest, must less establish, that the settlement demand was made in writing."); *Suttlehan v. MidFirst Bank*, 205 F. Supp. 3d 366, 371 (S.D.N.Y. 2016) ("[I]t would be a stretch to equate a purely oral conversation concerning the extent of damages to an 'other paper' for purposes of § 1446(b)(3)."); *Johnson v. Davidson Bros.*, No. 11-CV-02816, 2011 WL 6014457, at *2 (S.D.N.Y. Dec. 1, 2011) ("As an initial matter, the court disregards counsels' telephone call . . . as an oral conversation is

4

neither a 'pleading' nor 'other paper' capable of triggering the thirty-day filing period set forth in 28 U.S.C. § 1446(b).").

Because the Court concludes that the Removing Defendants have failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000, this Court holds that removal from state court was improper. Accordingly, the action is remanded to the state court from which it was removed.

## CONCLUSION

Based upon the foregoing, this action is REMANDED to the Supreme Court of the State of New York, County of Orange.

The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Orange, and to close this case.

Dated: White Plains, New York
       November 22, 2022

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge